J-S13027-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : IN THE SUPERIOR COURT OF |
| | : PENNSYLVANIA |
| | : |
| v. | : |
| | : |
| | : |
| | : |
| BRANT JOSEPH HENLEY | : |
| | : |
| Appellant | : No. 1170 EDA 2025 |

Appeal from the Order Entered April 8, 2025
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-CR-0003004-2023

BEFORE: PANELLA, P.J.E., NICHOLS, J., and KING, J.

MEMORANDUM BY NICHOLS, J.: **FILED AUGUST 4, 2026**

Appellant Brant Joseph Henley appeals from the order denying his untimely motion to withdraw his guilty plea. Because we conclude that the trial court should have treated this filing as a Post Conviction Relief Act[1] (PCRA) petition, we vacate the trial court's order and remand for further proceedings consistent with this memorandum.

By way of background, Appellant pled guilty to two counts of possession with intent to deliver (PWID), and one count each of criminal conspiracy to commit PWID, fleeing or attempting to elude police officer, and recklessly endangering another person (REAP)[2] on January 16, 2025. *See* Trial Ct. Op., 10/28/2025, at 1. That same day, he was sentenced to a term of four and a

---

[1] 42 Pa.C.S. §§ 9541-9546.

[2] 35 P.S. § 780-113(a)(30), 18 Pa.C.S. § 903, 75 Pa.C.S. § 3733(a), and 18 Pa.C.S. § 2705, respectively.

half to nine years' incarceration per the terms of his plea agreement. *See id.* On March 4, 2025, Appellant filed a motion to withdraw his guilty plea. *See id.* On April 8, 2025, the trial court denied his motion. *See id.* On May 1, 2025, Appellant appealed the order denying his motion to withdraw. *See id.*

On appeal, Appellant presents the following issue:

Whether a manifest injustice resulted after the trial court denied Appellant's motion to withdraw his guilty plea?

Appellant's Brief at 1.

First, we must determine whether this Court has jurisdiction over this appeal. *See Commonwealth v. Myers*, 325 A.3d 790, 793 (Pa. Super. 2024) (stating that prior to reaching the merits of any appeal this Court may *sua sponte* raise the appealability of an order as it implicates this Court's jurisdiction). It is axiomatic that, in a criminal case, an appeal properly lies from the judgment of sentence made final by the denial of post-sentence motions and not the order denying a post-sentence motion. *See Commonwealth v. Devine*, 326 A.3d 935, 937 n.1 (Pa. Super. 2024).

However, where a post-sentence motion is filed after a judgment of sentence is final, it should be treated as a PCRA petition. *See Commonwealth v. Taylor*, 65 A.3d 462, 467 (Pa. Super. 2013); *see also, e.g., Commonwealth v. Fantauzzi*, 275 A.3d 986, 995 (Pa. Super. 2022) (stating "regardless of how a petition is titled, courts are to treat a petition filed after a judgment of sentence becomes final as a PCRA petition if it requests relief contemplated by the PCRA").

"A judgment of sentence becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review."  42 Pa.C.S. § 9545(b)(3) (some formatting altered). "The time for seeking direct review expires after 30 days if a defendant does not file a direct appeal within 30 days of his judgment of sentence or a post-sentence motion within 10 days of imposition of sentence."  ***Commonwealth v. Skundrich***, 327 A.3d 218, 221 (Pa. Super. 2024).

Here, Appellant filed the motion to withdraw his plea on March 4, 2025, nearly two months after his sentence was imposed on January 16, 2025. Accordingly, Appellant's motion to withdraw was filed after his judgment of sentence became final, which occurred thirty days after his judgment of sentence was imposed when the time to file a direct appeal expired.  ***See Skundrich***, 327 A.3d at 221.

In the motion to withdraw his plea, Appellant claims that he was not sentenced pursuant to the terms of his plea agreement.  ***See*** Mot. to Withdraw at 1 (unpaginated).  In a letter attached to his motion to withdraw, Appellant alleges ineffective assistance of plea counsel.  ***See id.*** at 2.  Specifically, Appellant explains that, after he was sentenced but within the time to file timely post sentence motions, his girlfriend sent text messages and voice notes to plea counsel requesting that plea counsel file a motion to withdraw his plea but that plea counsel failed to do so.  ***See id.***  Additionally, Appellant

claims that his plea was "involuntary and unknown because [he] was [misled] with false information" regarding the maximum sentences. **See id.**

All of these claims are cognizable under the PCRA. **See Commonwealth v. Kelley**, 136 A.3d 1007, 1013 (Pa. Super. 2016) (addressing a claim that a defendant did not get the benefit of his bargain when pleading guilty under the PCRA); **Commonwealth v. Melendez**, 1974 EDA 2022, 2023 WL 4363054 (Pa. Super. filed July 6, 2023) (unpublished mem.) (analyzing a claim that counsel was ineffective for failing to file post-sentence motions under the PCRA);[3] **Commonwealth v. Haines**, 411 MDA 2020, 2021 WL 798028, at *5 n.5 (Pa. Super. filed Mar. 2, 2021) (unpublished mem.) (stating "claims that plea counsel's ineffectiveness induced an involuntary plea are properly analyzed as claims of ineffective assistance of counsel" under the PCRA). Thus, Appellant's motion to withdraw his plea should have been considered a PCRA petition. **See Taylor**, 65 A.3d at 467; **Fantauzzi**, 275 A.3d at 995.

However, the record reflects that the trial court did not consider Appellant's motion to withdraw his plea as a PCRA petition. **See** Trial Ct. Op., 10/28/2025, at 2; Trial Ct. Order, 4/8/25, at 1 n.1. Therefore, because the trial court did not treat Appellant's filing as a PCRA petition, Appellant was never appointed counsel to assist him with the preparation of his first PCRA petition. **See Commonwealth v. Williams**, 167 A.3d 1, 5 (Pa. Super. 2017)

_____

[3] **See** Pa.R.A.P. 126(b) (stating this Court may rely on unpublished decisions of this Court filed after May 1, 2019, for their persuasive value).

(stating that PCRA petitioners have "the right to appointment of counsel to assist in prosecuting [a] first PCRA petition[ and] where that right has been effectively denied by action of [the] court . . . petitioner is entitled to [a] remand to [the] PCRA court for [the] appointment of counsel to prosecute [the] PCRA petition"). As a result, Appellant is entitled to a remand for the PCRA court to appoint counsel to assist Appellant with the litigation of his first PCRA petition. *See id.*

For the foregoing reasons, we vacate the trial court's order denying Appellant's *pro se* motion to withdraw his plea and remand for the appointment of PCRA counsel and further PCRA proceedings.

Order vacated. Remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 8/4/2026